SEBRING, Justice.
The defendants below have appealed from a • declaratory judgment rendered by the Circuit Court for Duval County, Florida, in a suit involving the construction of the statute creating the Small Claims Court of Duval County.
The material facts of the case, so far as they are applicable to the'questions raised on this appeal, are simple: • The Board of County Commissioners approved a budget submitted'by the Judge of the Small Claims Court of Duval County, for equipment and supplies for said court for the fiscal year 1952-1953, the sum of $1,910. The County Budget Commission concurred in the action of the Board of County Commissioners, and this amount was appropriated and -set aside for the purpose. By June 5, 1953, the amount appropriated had been necessarily expended in its entirety. Faced with this situation, the then Judge of the said Small Claims Court requested the Board of County Commissioners of Duval County to transfer from any available county funds on hand such additional money for equipment and supplies as would enable the court to function properly for the remainder of the fiscal year. The Board of County Commissioners, by resolution, approved a transfer and appropriation from available funds, in; the sum of $1,117, and requested the County Budget Commission to concur in its official action. The County Budget Commission refused to authorize the transfer on the ground that sections 19 and 20 of Chapter 25489, Laws of Florida 1949, the statute under which the Small Claims Court was created, limited the county in the appropriation of tax money for the operation of said court,- to an appropriation for “equipment, maintenance and supplies to enable it to function in accordance with [the] Act” only for the balance of the fiscal year in which the statute creating the court became effective as law; that is to say, for the balance of the fiscal year beginning October 1, 1948, and ending September 30, 1949.
The Judge of the Small Claims Court, thereupon brought this suit to obtain a declaration of the rights, status and legal relations of the parties plaintiff and defendant, of and concerning the compensation to be paid the judge, and the budgeting and appropriations of public funds to provide the necessary equipment, supplies, and maintenance of said court so as to enable it to function properly in accordance with the terms and provisions of the statute creating it. Answers were filed to the complaint in the cause and at final hearing the trial court made the following adjudications upon the issues raised by the pleadings:
1. Since July 1, 1949, it has been the continuing legal duty of Duval County, by and through its Board of County Commissioners, and its County Budget Commission, in .the exercise of their respective sound administrative discretion, to budget and appropriate annually sufficient public funds for, and to provide the necessary equipment, maintenance, supplies, and forms to enable the Small Claims Court of Duval County to function in accordance with the statute creating the court and sufficient for the holding of said court and the administration of its duties.
2. Under the act creating the Small Claims Court of Duval County the Judge is entitled to receive as his yearly compensation for his official services, from the whole or part of the fees or commissions collected from the operation of the Court, all of the income of his office not to exceed $7,500, after first deducting reasonable expenditures for the service of his clerk and assistants.
3. The resolution by the Board of County Commissioners approving the transfer of $1,117 from available funds on hand and the appropriation therefrom to the Small Claims Court expense fund was authorized, legal and valid in the exercise of a sound administrative discretion.
4. The refusal of the Duval County Budget Commission to approve the resolution, on the ground assigned, was an abuse of the Budget Commission’s sound administrative discretion.
*504 5. The Budget Commission should assemble and expressly approve the resolution adopted by the Board of County Commissioners.
With the exception of one of the findings, which we will discuss later, we find no error in the decree appealed from.
Section 19 of Chapter 25489, Laws of Florida 1949, provides in respect to the Small 'Claims Court of Duval County that the county “shall provide such necessary equipment, maintenance cmd supplies ’ to enable it to function in accordance with this Act * * (Emphasis supplied.) There being no limitation expressed in this clause, the rules of statutory interpretation do not contemplate that restrictions be implied so as to limit the duty to the balance of' the fiscal period during which the court was created. Sutherland on Statutory Construction, 3rd Ed., section 4701, et seq. And other sections of the act bearing on the point do not contravene this construction. It is true that under section 2 of the act the judge’s compensation is to be paid from fees, and computed as in section 145.02, Florida Statutes 1951, F.S.A., from “the residue of the income from such office after deducting * * * expenditures fqr the salaries of clerics * ' * * and the necessary expenditures for the proper operation of said office.” However, this reference cannot be held to import a mandate that such costs be paid from fees derived from the operation of the court, in the face of the provisions in section 19 of the act that these be paid by the county; it means simply, in reference to all county fee offices, that salaries are to be paid after deduction of maintenance costs when and if the controlling provisions require the payment of same from office income. Thus, the conclusion of the lower court is logical: that the duty on the part of Duval County to provide “equipment, maintenance and supplies” for the court is a continuing one.
But insofar as the judgment appealed from directs the Budget Commission to “assemble and expressly approve” (emphasis supplied) the resolution in question, it exceeds the proper bounds of judicial coercion in these circumstances. The controlling budgetary act, Chapter 21874, Laws of Florida, Acts of 1943, sections 8 and 9,. vests the County Budget Commission, independent of other public officials, with power to determine, in the exercise of sound administrative discretion, the amount which1 should be appropriated for a particular purpose. See Chase v. Board of Public Instruction, Fla., 52 So.2d 122.- In the ordinary case the Budget Commission will have fulfilled its function when the annual budget is approved and adopted; and before considering the merits of an interim request by any department for additional money the commission should, of course, first determine whether funds are available from which such unanticipated expenditures could lawfully be made.
The error here complained of is that the Budget Commission refuses to exercise a sound administrative discretion in respect to the request of the Small Claims Court for more funds, and that it bases its refusal upon grounds that are invalid as a matter of law. In such a situation the rule is that while a court may intervene to require of the Commission that it meet for the purpose of acting upon the matter at hand and of exercising a sound administrative discretion, it may not direct the- manner in which' that discretion shall be exercised. Davis on Administrative Law (1951), Chapter 20, “Scope of Review.” Accord: Towle v. State, 3 Fla. 202; City of Miami Beach v. State ex rel. Ross, 141 Fla. 407, 193 So. 543; Garvin v. Baker, Fla., 59 So.2d 360. After the commission has acted on the request and has approved or disapproved the- same in whole or - in part, for reasons at least prima facie sufficient, in the exercise of its sound' discretion, a review may then be had, if necessary, on the issue of whether the commission has acted arbitrarily and unreasonably, or whether it has -in truth abused its discretion in limiting appropriations. Cf. Town of Riviera Beach v. State, Fla., 53 So.2d 828. ' ’
*505 For the reasons stated the decree appealed from is affirmed in part and reversed in part with directions that further proceedings be had in conformance with this opinion and judgment.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.