MORROW, RUSSELL O., Associate Judge.
This is an appeal by the Orange County Board of County Commissioners, the defendant below, seeking reversal of a declaratory judgment entered in the circuit court in favor of the Orange County Budget Commission, the plaintiff below.
The general factual situation shows that prior to June 30, 1969, the plaintiff sent to the defendant a proposed budget for plaintiff’s expenses for the coming fiscal *663 year. In the proposed budget was a request for salaries of “other employees” in the amount of $8,400.00. The defendant failed to include in its General Fund Budget the plaintiff’s requested item. On October 3, 1969, the plaintiff, by its chairman requested by letter the sum of $10,000.00 for a fulltime personnel assistant. At its meeting on October 28, 1969, the defendant took no action on the request but did appropriate out of its contingency fund the sum of $2,500.00 to be used by plaintiff to hire additional help at a time immediately prior, during and immediately after budget time.
Defendant sought determination of the following questions:
“1. Whether or not plaintiff has the sole power and authority to determine what employees it may hire and what sum shall be paid for their services.
“2. Whether the defendant has the right, power or authority to fail or refuse to appropriate funds to pay for such personnel as the plaintiff may decide to employ.
“3. Whether the defendant has the right, power or authority to say whether an employee of the plaintiff shall be a full time or part time employee or during what period of a year an employee of the plaintiff may be employed.
“4. Whether the request of the plaintiff for funds to employ a full time assistant is a proper and valid request for such purpose.”
The findings and adjudication of the trial judge are without error and ably stated. We adopt them in this opinion as our own and set them forth as follows:
“The Legislature established the Orange County Budget Commission by enacting Chapter 63-878, Acts of Florida 1963. The purpose of the Act is sound financing, to keep the budgets of the Board of County Commissioners, the School Board, and other boards, as well as fee officers balanced and confine their expenditures within the funds allocated to them.
“Under the provisions of Chapter 63-878 the Orange County Budget Commission is primarily fiscal in purpose and has little, if anything, to do with policy making. It has no authority to initiate any expenditure not contemplated or requested by a board unless such new and different expenditure is required by law to be made and has been arbitrarily or unwittingly omitted by such board.
“Under the provisions of Section 11 of the Act the powers of the Budget Commission are clearly set forth. It has the power and the duty to investigate, pass upon and determine the public necessity or propriety of any proposed expenditures, and the amount which should be appropriated for that purpose and the probable amount of estimated revenues and receipts. It has the power to change, alter, decrease, but not increase, any proposed item in a budget.
“Historically, the reason why the Legislature has provided for Budget Commissions in various counties was to achieve an orderly method of carrying on business, and to put an end to blind spending by counties, and to get away from spendthrift policies, and to reduce income and outgo to a common level.
“This fiscal policy is but another check and balance of our government on the county level. The evidence reveals that the sum total of all the various budgets which must be examined and reviewed by the Orange County Budget Commission is now approximately 80 million dollars annually.
“Under the provisions of Section 4 of the Act the County Budget Commission is specifically authorized to employ an assistant secretary, clerk, and other employees deemed necessary for the discharge of its duties. It further provides that such expenses shall be paid by the *664 Board of County Commissioners out of the general fund on the requisition of the Chairman of the County Budget Commission.
“The County Budget Commission under the provisions of the Act is necessarily an independent body of elected officials. It has the sole power to determine its needs insofar as hiring additional help, as provided in Section 4 of the Act. The Board of County Commissioners has no authority under the law to refuse the payment of requisitions of the County Budget Commission for such help.
“It is sound fiscal policy for the County Budget Commission to prepare and submit to the Board of County Commissioners its annual budget for the ensuing year so that the Board of County Commissioners will have this information in setting up the needs of requisitions on the general funds. The Board of County Commissioners has no authority under the law to change in any manner or delete such items in its budget relating to the general funds of the county.
“On the other hand, if a decision of the County Budget Commission regarding its financial needs is arbitrary or capricious, then, as in this case, the question as to whether such decision or action is arbitrary or capricious is for the Courts to determine — not the Board of County Commissioners.”
In summary the answer to plaintiffs’ questions are as follows :
“1. The Orange County Budget Commission has the sole power and authority to determine what employees it may hire and what sum shall be paid for their services.
“2. The Board of County Commissioners of Orange County does not have the right, power or authority to fail or refuse to appropriate funds to pay for such personnel as the County Budget Board may decide to employ.
“3. The Board of County Commissioners of Orange County does not have the right, power or authority to say or direct whether an employee of the County Budget Commission shall be full time or part time employee or during what period of the year an employee of the County Budget Commission may be employed.
“4. In the absence of any evidence that such decision of the County Budget Commission to employ additional help was arbitrary or capricious, the request of the County Budget Commission for funds to employ a full time assistant was a proper and valid request for such purpose.”
The judgment appealed is affirmed.
WALDEN and OWEN, JJ., concur.