HOBSON, Judge.
Appellant/plaintiff appeals a summary final judgment in favor of the appel-lee/defendant. Plaintiff filed her complaint for declaratory judgment alleging that she was the duly elected and qualified holder of the office of Supervisor of Elections of Pinellas County, Florida, thereby making her a constitutional officer; that she submitted her requested budget for the fiscal year 1975-76 to the defendant board for its approval; that the defendant board unanimously deleted from her requested budget items totaling $77,500 and transferred such sum into the county’s contingency fund.
It was further alleged that these funds were necessary for the essential operations of her office and the performance of her constitutional and statutory duties; that the deletion of these funds from her requested budget by the board was illegal and requested the court to declare the rights and duties of the parties.
The underlying facts as shown by the record concern mainly the necessary funds to maintain a system of automation in the processing of registration data by the use of computers and data processing equipment.
Plaintiff is the official custodian of the books of registration with the exclusive control of matters pertaining to registration of electors.[1] The duties of the supervisor are set forth in Chapter 98, Florida Statutes. Florida Statute 98.131(2) provides:
“The board of county commissioners shall pay any expenses incurred by the supervisor in putting this permanent registration system into operation including extra clerical help or assistants required, provided such expense shall be subject to approval by the board of county commissioners.”
The supervisor’s authority for employing and adopting a system of automation in the processing of registration data is found in Florida Statute 98.391.[2]
It is plaintiff’s contention that her budget request was both necessary and reasonable and therefore the board’s action in deleting her request was illegal in that it was arbitrary and capricious.
The board contends, and the trial court so held, that it was authorized by Chapter 129, Florida Statutes, to take the action it did without a determination as to the necessity and reasonableness of the plaintiff’s request.
The plaintiff had the authority under Florida Statute 98.391 to employ and adopt a system of automation in the processing of registration data. The board had the duty under Florida Statute 98.131(2) to pay for any expenses incurred by the plaintiff in putting in a permanent registration system unless the board found that^ the plaintiff’s use of the automation system was arbitrary or capricious and therefore *67 unreasonable and not necessary.[3] This issue of whether the plaintiffs request was arbitrary or capricious has not been determined by the trial court. The trial court held that the board was authorized under Chapter 129, Florida Statutes, to delete from the plaintiff’s requested budget the monies in dispute whether or not the request was arbitrary or capricious.
Plaintiff’s Point VII as to whether or not she may expend monies available in her gross budget for employment of her attorney was not ruled on by the trial court and, therefore, we do not entertain that question.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOARDMAN, C. J., and McNULTY, J., concur.

. § 98.161(3), Fla.Stat.

. § 98.391, Fla.Stat.:
“Registration; automation in processing. —For the purpose of providing a supplemental and alternative procedure for the registration of electors and for conducting elections at the precinct level, in those counties of the state where voting machines are used in the conduct of elections, the supervisor of elections and the officials lawfully charged with conducting elections may employ and adopt a system of automation in the processing of registration data, and make use of computers and data processing equipment and records adaptable for efficiency in conducting elections in such counties. The forms to be used in the system herein provided for shall be submitted to the department of state for approval.”

. Orange County v. Allie, 238 So.2d 662 (Fla. 4th DCA 1970).