HATCHETT, Justice.
Is a board of county commissioners required to approve all budget requests deemed necessary by a supervisor of elections to fund authorized functions of her office, unless the board determines such appropriations to be unnecessary or unreasonable? Since the decision of the district court on this issue affects the duties of constitutional officers, we have jurisdiction to review the case pursuant to Article Y, Section 3(b)(3), Florida Constitution (1968). We hold that a board of county commissioners has wide discretion in the formulation of a county budget, subject to challenge on the ground that the board acted arbitrarily or capriciously in deleting a reasonable or necessary expenditure.
This case involves a dispute between the Supervisor of Elections of Pinellas County and the Board of County Commissioners of that county over certain items requested in the Supervisor’s proposed budget for the fiscal year 1975-1976. The Supervisor of Elections contends that the requested funds are necessary to maintain a system of automation in the processing of voting registration data by the use of computers and data processing equipment. The Board of County Commissioners unanimously deleted from the Supervisor’s requested budget items totalling $77,500 in order to force the Supervisor to utilize the county’s central data processing department, already in existence, rather than allow the Supervisor to set up her own independent and separate data processing center.
The Supervisor filed a complaint for declaratory judgment in the circuit court, *280 charging the Board with attempting to usurp her constitutional powers, and with attempting to interfere with the administration of her office.[1] The circuit court entered an order granting summary judgment in favor of the Board, holding that the action of the Board in deleting the proposed budget requests of the Supervisor was authorized by Chapter 129, Florida' Statutes (1975), and rejecting the argument of the Supervisor that her decisions are not subject to review by the Board because of her position as a constitutional officer. The trial court stated that the Board is vested, under Chapter 129, with the exclusive power' and duty to appropriate and budget county funds, limited only by the requirements of that chapter.[2]
On appeal, the district court noted that the trial court had limited its inquiry to the issue of whether the Board’s action was authorized by Chapter 129, and failed to make any determination as to the necessity and reasonableness of the Supervisor’s budget request. The district court noted that, under the pertinent Florida statutes,[3] the Supervisor has the authority to employ and adopt a system of automation in the processing of registration data. The Board of County Commissioners has the duty under these same statutes to pay for any expenses incurred by the Supervisor in implementing a permanent registration sys-tern unless the Board determines the Supervisor’s use of the automation system to be arbitrary or capricious, and therefore unreasonable and unnecessary. Since the trial court made no factual determination on whether the Supervisor’s request was arbitrary or capricious, the case was remanded for further proceedings on that issue, under the authority of Orange County v. Allie, 238 So.2d 662 (Fla. 4th DCA 1970).
Both parties argue in this court that further trial court proceedings are necessary. The only unresolved dispute centers around the question of whether the burden of proving arbitrariness and capriciousness is upon the Supervisor or on the Board of County Commissioners. The opinion of the district court implies that this burden of proof should fall upon the Board of County Commissioners:
The board had the duty under Florida Statute 98.131(2) to pay for any expenses incurred by the plaintiff in putting in a permanent registration system unless the board found that the plaintiff’s use of the automation system was arbitrary or capricious and therefore unreasonable and not necessary. Nelson v. Pinellas, 343 So.2d 65 (Fla. 2nd DCA 1978).
In Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809 (1931) this court rejected a constitutional attack [4] on a *281 statute which allowed a county budget commission to fix the amount of expenditure deemed necessary to conduct various county offices. In that case, the court recognized that these decisions by a budget commission are subject to judicial review of the reasonableness of such determinations. This court, in Green v. Taylor, 70 So.2d 502 (Fla. 1954), resolved a dispute similar to the one here, involving the exercise of discretion by a county budget commission which had denied an appropriation request by a judge of a small claims court. There, this court stated:
After the commission has acted on the request and has approved or disapproved the same in whole or in part, for reasons at least prima facie sufficient, in the exercise of its sound discretion, a review may then be had, if necessary, on the issue of whether the commission has acted arbitrarily and unreasonably, or whether it has in truth abused its discretion in limiting appropriations. Green v. Taylor, supra, 70 So.2d at 504.
No administrative procedure for review of the Board of County Commissioners’ denial of the Supervisor’s budget request has been provided by general law.[5] Therefore, the Supervisor was correct in seeking judicial review in the circuit court. We agree with the district court that the trial court improperly limited its scope of review only to the questions of whether the Board’s action, in deleting the budget request, was authorized by Chapter 129. The trial court should have held a full factual inquiry as to the reasonableness of the budget request. We disagree, however, with the language of the district court’s opinion which implies that the Board of County Commissioners has the burden of proving the request to be arbitrary and capricious before it can validly delete an item from the Supervisor’s requested budget. Chapter 129 expressly imposes upon the Board of County Commissioners the duty and responsibility to oversee the budgets of all departments, agencies, and offices coming under its control for budget purposes. The Board of County Commissioners has the additional duty of raising tax monies, setting millage rates within permissible limits, and allocating those tax monies among the various county agencies. The Board of County Commissioners has wide discretion in approving, modifying, or rejecting budget requests. A county officer, such as the Supervisor of Elections, may seek judicial or administrative review of the Board’s action, and should be entitled to prove that the denial of a budget request by the Board was arbitrary and capricious, or would unreasonably impair the ability of the county officer to fulfill constitutional or statutory obligations.
Therefore, we affirm the district court’s decision to the extent that it reverses the order granting summary judgment and remands this case to the trial court for a full factual inquiry. We expunge, however, that language in the district court’s opinion which implies that the Board of County Commissioners must prove the Supervisor’s request was unreasonable and unnecessary in order to delete an item from the requested budget.-
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.

. Respondent has raised the argument in this court that use of the Board’s central data processing center would violate her statutory duty, under Sec. 98.161(3), Fla.Stat. (1975) to exclusive custody and control over registration data. This issue was not addressed by either the trial or appellate court, and we do not consider it here.

. In addition, the trial court denied the Supervisor’s request to have her office funds paid to her in twelve monthly installments, but held that the funds budgeted to the Supervisor’s office shall be disbursed in the sole discretion of the Supervisor, if the disbursement is in accordance with the budget as approved.

. See generally, Chapter 98, Fla.Stat. (1975). Section 98.391, Fla.Stat. (1975) states:
Registration; automation in processing. — For the purpose of providing a supplemental and alternative procedure for the registration of electors and for conducting elections at the precinct level, in those counties of the state where voting machines are used in the conduct of elections, the supervisor of elections and the officials lawfully charged with conducting elections may employ and adopt a system of automation in the processing of registration data, and make use of computers and data processing equipment and records adaptable for efficiency in conducting elections in such counties. The forms to be used in the system herein provided for shall be submitted to the department of state for approval.

.Appellant, in that case, argued the investiture of supervisory power over budgets in the budget commission constituted an unlawful delegation of legislative authority.

. Other constitutional officers have been granted, by statute, administrative review procedures. In Alachua County v. Powers, 351 So.2d 32 (Fla. 1978), this court noted the appeal mechanism for the county clerk to the Department of Administration provided a method for the clerk to show the board acted unreasonably in reducing the clerk’s budget. See also, Sec. 30.49, Fla.Stat. (1975) which provides an administrative budget review mechanism to the county sheriff.