SHAW, Judge.
The appellee, Joe A. Flowers, is the Comptroller of Escambia County, Florida. His duties as such are enumerated in Chapter 73-455, § 7, Laws of Florida, and in Chapter 28, Florida Statutes. Under the Constitution he is an elected officer who serves as ex officio clerk of the Board of County Commissioners. By special act of the Legislature the duties of Comptroller and the Clerk of the Circuit Court of Es-cambia County have been divided into two offices. The appellee has, since 1961, turned over to the county all fees collected and operated his office within the county’s general budget from funds allocated by the county. The Comptroller submitted a proposed budget and amendments for the ensuing fiscal year, 1979-80. The Board of County Commissioners appropriated to the office a reduced sum resulting in a deficit allocation insufficient, in the opinion of the Comptroller, to meet the needs of his office.
The inability of the Comptroller to resolve his differences with the County Commission resulted in the filing of a complaint in the Circuit Court of Escambia County seeking declaratory and injunctive relief. The suit was amended to include a prayer for mandamus. The trial judge denied a motion for summary judgment and the ensuing trial resulted in the entry of a peremptory writ of mandamus. We conclude that the judge correctly determined that there was a genuine issue of material *388 fact and his denial of summary judgment was proper. Shaffran v. Holness, 93 So.2d 94 (Fla.1957); Johnson v. Studstill, 71 So.2d 251 (Fla.1954). The order is accordingly affirmed as to the denial of summary judgment.
In its challenge to the trial judge’s finding the appellant directs our attention to § 145.022(1), Florida Statutes (1979), which provides:
(1) Any board of county commissioners, with the concurrence of the county official involved, shall by resolution guarantee and appropriate a salary to the county official, in an amount not to exceed that specified in this chapter, if all fees collected by such official are turned over to the board of county commissioners. Copies of the resolution adopted shall be filed with the Department of Banking and Finance and the Auditor General.
The appellant concludes that since there has been no resolution by the County Commission the Comptroller is, as a matter of law, a fee officer and the county has no duty to fund his office in any amount. The Comptroller, on the other hand, directs our attention to the statutory definition of county fee officer:
“County fee officers” means those county officers who are assigned specialized functions within county government and whose budgets are established independently of the local governing body, even though said budgets may be reported to the local governing body or may be composed of funds either generally or specially available to a local governing authority involved. (Sec. 218.31(8), Florida Statutes (1979)).
The record reflects that the Comptroller’s budget is not established independently of the county and has not been subsequent to 1961. The Comptroller has collected fees and dutifully turned them over to the county for inclusion into its budget and has been in turn appropriated certain funds with which to run his office. The Comptroller does not therefore appear to fall within the statutory definition of a “county fee officer”. Section 145.011, Florida Statutes, spells out the legislative intent of Chapter 145:
(1) In compliance with s. 5(c), Art. II of the State Constitution, it is the intent of the Legislature to provide for the annual compensation and method of payment for the several county officers named herein.
(2) ...
(3) It is further the intent of this Legislature to provide by general law for such uniform compensation of county officials having substantially equal duties and responsibilities, taking into account the multitude of changes that have affected these offices within the past decade.
Section 145.022(1), Florida Statutes, must be read in light of the articulated legislative intent and when so read it expresses the desire of the Legislature to protect, and make uniform, the salaries of certain county officials having substantially equal duties and responsibilities. We do not view the section as a limitation on the methods by which a county official may establish himself as a budget officer.
Point 2 challenges the following findings by the court: (1) the process by which the Board of County Commissioners adopted a budget for the Comptroller involved improper “delegation” of decision making to subordinate county employees; (2) the rationale for the funding decision is arbitrary; and (3) the level at which the Comptroller’s budget is funded will unreasonably impair the Comptroller’s ability to fulfill his constitutional or statutory obligations. We perceive these as factual issues that are best resolved by the trial judge and where, as in this case, his findings are supported by competent substantial evidence we are reluctant to disturb the findings.
As stated in Pinellas County v. Nelson, 362 So.2d 279, 281 (Fla.1978): “The Board of County Commissioners has wide discretion in approving, modifying or rejecting budget requests.” Nevertheless, an arbitrary and capricious abuse of discretion will justify the granting of a declaratory judgment. The Comptroller in this instance *389 has made a sufficient' showing to entitle him to declaratory relief. Even so we are still confronted with the issue of whether a peremptory writ of mandamus will lie to compel the County Commissioners to fund his office in a stated amount. Normally judicial coercion in the form of mandamus will not lie to direct the manner in which administrative discretion will be exercised. Green v. Taylor, 70 So.2d 502 (Fla.1954). In this case there has been no demonstration of improper motive or prejudice. We are unable, therefore, to concur in the trial judge’s conclusion that the attitude of the Commissioners is such that it would be of no avail and a futile act for the court to simply direct the Commissioners to reconvene and reconsider the budget of the Comptroller. We have no reason to believe, on the record, that the Board on remand will ignore a judicial order that the Comptroller’s budget as presently allocated will not allow him to carry out the constitutional duties of his office. The cause is accordingly remanded to the trial court with directions that the cause in turn be remanded to the Board of County Commissioners for it to exercise its discretionary responsibilities within the confines of the trial court’s relevant findings.
ERVIN, J., concurs.
WOODROW M. MELVIN (Ret.), Associate Judge, concurs and dissents, with opinion.