## LOCKER, etc. v ORANGE COUNTY
### Case No. CI87-5836
Ninth Judicial Circuit, Orange County

March 16, 1988

### APPEARANCES OF COUNSEL

**Steven Bechtel** for plaintiff.

**Harry Stewart,** County Attorney, for defendant.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Plaintiff, THOMAS H. LOCKER, as Comptroller of Orange County, Florida, seeks declaratory judgment to clarify duties and budget responsibilities shared with Defendant, Orange County, a political subdivision of the State of Florida. Two major issues are before the Court: the Comptroller seeks to retain operation and management of water and wastewater accounting department; and seeks the addition of a line-item budget request for data processing costs in his capacity as accountant, treasurer, recorder, auditor and custodian of County funds and official records. It is clear that Orange County is entitled to prevail against the Comptroller.

1. The Comptroller is currently overseeing meter reading, billing,

collecting accounts, and servicing customers for the Orange County Water and Wastewater System, tasks which were originally held by the Board of County Commissioners. The Comptroller's authority is derived from a transfer of power over these duties by the Board of County Commissioners in 1977. The Board of County Commissioners is now exercising its authority to have said services returned to the control of Orange County.

2. The Comptroller submitted his annual budget beginning October 1, 1987, which included the operation and management of his water and wastewater accounting department, consisting of those functions pertaining to meter reading, billing, collecting accounts, and serving customers. The Comptroller asserts that he must perform these functions as the accountant and treasurer to the County Commission, as Clerk of the County Commission, as recorder, auditor and custodian of all County funds and official records.

3. The parties stipulated to a temporary injunction restoring funds to the Comptroller, on a monthly basis, for fiscal years 1987–1988, to continue until Final Judgment is rendered in this cause.

4. The County Comptroller is a constitutional and statutory officer, elected by the voters of the County, who is entitled to manage and conduct the affairs of his office independently of the County Commission.

5. The County Commission has wide discretion in fixing the budget for County officers, that discretion is limited and must be exercised responsibly within established guidelines and must not unreasonably impair the ability of such officers to fulfill their legal duties. The County Commission cannot utilize the appropriation process to coerce, neutralize or render into subservience another County officer. *Alachua County v. Powers,* 251 So.2d 32 (Fla. 1977). The Board must not act arbitrarily and capriciously, or impair an officer's ability to perform statutory obligations. See *Pinellas County v. Nelson,* 362 So.2d 279 (Fla. 1978), *Escambia County v. Flowers,* 390 So.2d 386 (Fla. 1st DCA 1980) and *Tihanovich v. Williams,* 582 P.2d 1051 (Cal. 1978).

6. The Comptroller's position that he must do all billing, collecting, meter reading and customer servicing is completely unfounded in the statutory and case law and was unsupported by the testimony and exhibits. The Comptroller, is in fact, the recorder, auditor, custodian of the records, treasurer and accountant to the Board of County Commissioners but is not required to control the Orange County Water and Wastewater Department in areas of billing, collecting, meter reading and customer servicing.

2

7. It is clear from the evidence presented, that the Board of County Commissioners has the specific authority to regulate waste and sewage collection and disposal, to fix and collect rates for utility services, and to supervise collection of revenues. The Comptroller can continue his responsibilities as recorder, auditor, custodian of the records, treasurer and accountant to the Orange County Commission without impairing his ability to perform statutory and constitutional obligations.

8. The Board of County Commissioners may delegate such responsibility, as they have in this case, or they may request that same be returned under their supervision and control; however, such return must be done with an orderly transfer of authority.

9. The next issue presented concerns the allocation of data processing costs needed to fulfill the Comptroller's constitutional duties. Historically, the Board of County Commissioners has provided data processing services and the Comptroller has utilized said services without a line-item budget request for services needed to act as auditor, accountant and recorder. The County is required to provide adequate office facilities without charging rent or requiring utility costs, such as, electric and telephone or other associates costs needed to operate the Comptroller's office. Such has been provided without the necessity of a line-item budget entry. Only if the County acted in an arbitrary and capricious manner or impaired the officers ability to perform statutory obligations, would relief be granted.

10. It is more efficient for the County to provide said data processing services for all County officers and the Board in conjunction with their obligation to use funds wisely for the people of Orange County. All data processing costs have been paid from the "general fund" of Orange County, which has never denied data processing services to the Comptroller or any other constitutional officer.

11. The failure to have a line-item data processing figure for services rendered to the Board of County Commissioners, does not violate sound financial practices or generally accepted accounting principles. A mere notation on the budget as to unlisted costs such as data processing, rent, utilities and telephone, will satisfy these principles.

12. The Comptroller has failed to show any justifiable reason to indicate that the County's providing of the data processing services violates his constitutional authority.

13. In conclusion the evidence presented firmly establishes that the Orange County Commission's budget decisions, as they pertained to the Comptroller, were made in the valid exercise of their discretion and

3

were well reasoned and informed; and did not impair the Comptroller in the presence of his statutory duties. The Comptroller performed billing and collecting functions pursuant to the Orange County Commission delegation of those duties in 1977 with conditions to ensure that they could be returned sometime in the future. The word "accountant" does not give the Comptroller the right to bill, collect, read meters, or service customers, but rather obligates him to keep the general ledger and act as accountant, treasurer, recorder, auditor, and custodian of County funds and official records. The Comptroller has never been arbitrarily or capriciously denied data processing services nor has his ability to fulfill his legal duties been curtailed.

CONSIDERED, ORDERED AND ADJUDGED:

1. Judgment is entered in favor of the Defendant, ORANGE COUNTY, the Court specifically finds:

a. The Orange County Commission has wide discretion in approving, modifying or rejecting budget requests from Comptroller's proposed budget; however, the Board must not act arbitrarily and capriciously or impair an officer's ability to perform statutory obligations.

b. There are no constitutional or statutory provisions that require the Orange County Comptroller to perform billing and collection functions for the Orange County Commission.

c. There are no constitutional or statutory provisions nor any generally accepted accounting principles which require that data processing costs be included in Comptroller's budget when Orange County provides such services.

2. The Plaintiff, Comptroller's relief is DENIED.

3. The Temporary Injunction maintaining status quo is now made permanent and will remain in full force and effect until the conclusion of the current budget year. This Permanent Injunction will permit an orderly change of administration beginning with the next budget year.

4. The Court retains jurisdiction to determine costs and attorney's fees upon motion of the parties within thirty (30) days of the date of this Final Judgment.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida, this the 16th day of March, 1988.