MILLS, Chief Judge.
The claimant, Mary Mans, was injured during a lunch hour in March of 1975. Two orders were entered on her initial claim on the same day in November of 1977: one denied and dismissed the claim with prejudice, finding that the accident did not occur during the course and scope of employment in that Mans was on a strictly personal mission, and the other approved a lump sum washout settlement for $25,000.
Subsequently, the employer/carrier, the University of Miami and Aetna Casualty and Surety Company, filed a claim against the Special Disability Trust Fund for the $25,000. The Fund controverted the claim, urging that since the compensation claim was dismissed with prejudice, the employer/ carrier was not required to pay any money and, therefore, the Fund was not responsible for reimbursement. The evidence adduced at the hearing was that Mans had incurred medical expenses after the claim had initially been controverted and that those expenses had been paid under a private insurance policy which excluded workers’ compensation claims. The finding of fact by the Judge of Industrial Claims stated:
“The Order denying this claim as non-compensable was the result of an agreement between all parties herein so as not to expose the claimant to a claim for reimbursement from the medical insurance carrier and also allow a settlement on terms in the best interest of all parties concerned, including the Special Disability Fund.”
The Judge of Industrial Claims then accepted the representation of the employer/carrier that there really was no dispute as to the compensability of this claim and ordered the Fund to reimburse the employer/carrier.
In challenging the ordered reimbursement, the Fund points out that this claim was resolved at the expense of Blue Cross-Blue Shield, the private insurance carrier, if the claim were in fact compensable, and that the proper method for resolving this situation would have been for the workers’ compensation carrier to reimburse the medical insurance carrier and then to request reimbursement from the Special Disability Trust Fund for those medical expenses and for whatever excess benefits it was required to pay.
The employer/carrier’s defense is that the tactics used in this case minimized the actual out-of-pocket expenditure by them and the amount necessary to be sought as reimbursement from the Fund. Further, it challenges the propriety of the Fund’s concern for the fairness of this procedure to Blue Cross-Blue Shield since, it asserts, to its knowledge Blue Cross-Blue Shield is not a workers’ compensation carrier.
We reject the contentions of the employer/carrier. While we recognize that under Section 440.49(4)(a), Florida Statutes, findings of fact with respect to the claim for compensation shall not be res judicata in a proceeding for reimbursement, this Court refuses to condone and to perpetrate the sharp practices that are exemplified here where the carrier agrees to the entry of contradictory orders so that an ostensibly uninvolved private insurance carrier is re *1325 quired to pay benefits for an injury which was not within the policy coverage. When an employer/carrier engages in such sharp practices, it should be prepared to suffer the consequences. We reverse the order of the Judge of Industrial Claims directing the Special Disability Trust Fund to reimburse the University of Miami and Aetna Casualty and Surety Company.
REVERSED.
McCORD, J., concurs.
BOOTH, J., dissents with opinion.