PER CURIAM.
The sole issue on this appeal is whether the judge of industrial claims erred in ordering appellant to appear for a deposition. The hearing below, on appellees’ motion to compel discovery, was precipitated by ap-pellees’ inability to obtain appellant’s deposition after nine attempts over the course of 14 months. The excuse given for appellant’s failure to appear for his deposition was his counsel’s inability to attend because of a busy legislative schedule in Tallahassee.
*766 In fact, appellant and his counsel did not appear at the hearing below. Counsel for appellant argues that he was unable to attend, once more, because he was in Tallahassee at a legislative meeting. This is unsupported by the record. The record reveals the judge received a phone call, five minutes before the scheduled hearing, notifying him that appellant’s counsel was unable to attend. There was no mention of any legislative meeting. Even if there had been such mention, it would not affect the disposition of this appeal. As shown by the appendix to appellant’s brief, counsel for appellant knew, for at least two weeks prior to the hearing, that he was scheduled to be in Tallahassee. However, he failed to notify the judge until five minutes before the hearing was to commence.
It is clear to us that the failure to appear at the previous depositions and at the hearing below amounts to dilatory tactics on the part of appellant’s counsel. To delay the resolution of this and other causes by such questionable appeals should not and will not be tolerated. We regret that it has become necessary to concern ourselves with improper practices and tactics on the part of the parties and counsel engaging in worker’s compensation litigation.[1] This is especially disconcerting to the court at a time when its capacity to process necessary and well-founded appeals is being strained to the utmost.
Accordingly, we affirm the judge’s order.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Special Disability Trust Fund v. University of Miami, 379 So.2d 1323 (Fla. 1st DCA 1980), 1980.