WENTWORTH, Judge.
Petitioner seeks review of an order of the deputy commissioner requiring it to produce for inspection by the deputy copies of all written and recorded statements taken from “all witnesses in this cause.”[1] The order states that the deputy will deliver to the claimant’s attorney “those portions of said statements in which witnesses indicate what the claimant said to them.” We reverse.
The order was entered after a hearing on claimant's motion to produce. At the hearing the deputy stated on the record the parties’ positions as follows:
We are also hearing argument that certain statements, recorded statements given by employees of the Employer be furnished to the Employee. And I’m going to state on the record the position of the parties subject to addition and correction by the parties.
Mr. Edwards has asked that these be produced; Mr. Guant feels that these items are work product. Mr. Edwards, I believe, agrees that they’re work product, but he’s asking for an exception to the general rule because the expense of trying to take the depositions of the parties to get the same information that could be obtained merely by copying portions of these statements would be excessive, especially in relation to the amount of benefits that can be anticipated to be obtained in this case, [e.s.]
Petitioner argues (1) that the deputy erred in requiring production of the statements because claimant did not comply with the applicable rules[2] requiring a showing that he could not obtain the substantial equiva *53 lent of the materials by other means without undue hardship; and (2) that review of the order (prior to the deputy’s inspection and designation of discoverable items) is not premature because the deputy is the trier of fact as well as law, and his inspection of such material as may be privileged would therefore involve risk of extra-evi-dentiary bias independent of the alleged error in any order ultimately entered for delivery of portions to claimant’s attorney.[3] Respondent argues in support of the order (1) that no hardship need be shown to support the order because rules of procedure for workers’ compensation are more relaxed than for civil proceedings generally;[4] and, alternatively, (2) that hardship inheres in the fact that depositions in this case “could easily cost more than the total benefits recovered by the claimant, should he prevail.” Because the record does not show a timely assertion of claimant’s further contention here that the subject materials were not prepared in anticipation of litigation, we need not consider the point at which the work product classification applies to materials prepared in investigation of a claim, or which serve some purpose independent of anticipated trial before the deputy.[5]
We find in this case no basis for avoiding the expressed intent of Rule 9, Florida Workers’ Compensation Rules of Procedure, that discovery should be accomplished “in the same manner” as provided in the civil rules. Even assuming a deputy’s discretion in application of the rules, claimant does not meet the substance of the rule’s requirement by asserting a bare costs/benefits ratio based on alleged necessity for “depositions by the claimant of all potential witnesses” in the case. That position ig-ñores both a reasonable standard of need and availability of more limited written discovery methods, and would render the hardship requirement meaningless in this context. If the ordinary costs of discovery should be deemed a hardship for claimants generally, that factor would in our opinion properly be addressed by rule revision.
The order is accordingly reversed and the cause remanded for further proceedings consistent herewith.
SHAW and THOMPSON, JJ„ concur.

. See Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978), as to certiorari review of such an order.

. RULE 9. DISCOVERY
Depositions may be taken ... in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure. Florida Workers’ Compensation Rules of Procedure, Rule 9.
RULE 1.280. General Provisions Governing Discovery
(a) Discovery Methods. Parties may obtain discovery by ... depositions upon oral examination or written questions; ... production of documents ... for inspection and other purposes; .. . [e.s.]
(b) Scope of Discovery ....
*53 (2) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(3) of this rule, a party may obtain discovery of documents ... prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means .... [e.s.]
Florida Rules of Civil Procedure, Rule 1.280.

. Cf., Travelers Indemnity Company v. Fields, 262 So.2d 222 (Fla. 1st DCA 1972).

. Ezell-Titterton, Inc. v. A.K.F., 234 So.2d 360 (Fla.1970); Heath v. Thomas Lumber Co., 140 So.2d 865 (Fla. 1962); Jarvis v. Miami Retreat Foundation, 128 So.2d 393 (Fla. 1961).

. We note also that the dispute in this case does not relate to any written statement by claimant or transcription of a “substantially verbatim recital ... contemporaneously recorded.” Rule 1.280, supra.