SMITH, Judge.
Claimant seeks review by petition for writ of certiorari of an order of the deputy commissioner requiring him to fur *891 nish an authorization for release of his medical records in South Carolina. These medical records can be obtained by the use of discovery procedures set forth in the Florida Rules of Civil Procedure, and thus the employer/carrier may not obtain discovery through the method ordered by the deputy, even though this method is more expedient. Accordingly, we grant certiora-ri and quash the deputy’s order.
We agree with the claimant that this case is indistinguishable from Reinhardt v. Northside Motors, Inc., 479 So.2d 240 (Fla. 4th DCA 1985). In that case, Reinhardt sought review by petition for writ of certio-rari of an order which directed her to furnish the respondents with an authorization for release of medical records located in California. There, as here, the respondents had not sought production of the records pursuant to rule 1.350 or 1.351, Florida Rules of Civil Procedure. There, as here, the medical records were located in a state whose procedural rules authorized its courts to issue subpoenas to aid discovery arising from litigation in other states. Because the respondents failed to show the records could not be obtained by the use of discovery procedures already provided by the Florida Rules of Civil Procedure, the Fourth District Court of Appeal held that the trial court’s order constituted a departure from the essential requirements of law.
The result should not be different in this instance because this is a workers’ compensation proceeding. It is the expressed intent of rule 4.090(e), Florida Workers’ Compensation Rules of Procedure, that discovery should be accomplished “in the same manner” as provided in the civil rules. See Publix Supermarkets, Inc. v. Kostrubanic, 421 So.2d 52 (Fla. 1st DCA 1982). The discovery rules may not be dispensed with in workers’ compensation proceedings simply because of convenience or a costs/benefits analysis. Brevard Community College v. Barber, 488 So.2d 93, 97 (Fla. 1st DCA 1986); Kostrubanic, 421 So.2d at 53. As we noted in Kostrubanic, 421 So.2d at 53, if compliance with the discovery rules imposes too much hardship, then this point should properly be addressed by rule revision.
The petition for writ of certiorari is granted and the deputy’s order is quashed.
SHIVERS and ZEHMER, JJ., concur.