**S & M INVESTMENT CO., a California general partnership, Plaintiff,**

v.

**TAHOE REGIONAL PLANNING AGENCY, et al., Defendants.**

**Civ. No. S–86–1215 EJG.**

United States District Court, E.D. California.

Dec. 7, 1988.

---

Gregg R. Lien, Tahoe City, Cal., for plaintiff.

Susan E. Scholley, Tahoe Regional Planning Agency, Zephyr Cove, Nev., for defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

EDWARD J. GARCIA, District Judge.

This matter is before the court on defendant Tahoe Regional Planning Agency ("TRPA")'s motion for partial summary judgment on counts 1, 2 and 3 of plaintiff's complaint. Following oral argument, the court took the matter under submission, and upon further review of the briefs and authorities cited therein, the court now grants defendant's motion for the reasons stated below.[1]

This action was originally filed in El Dorado County Superior Court and removed to this court based on federal question jurisdiction. The first two causes of action are pleaded in terms of state law claims for administrative mandamus and for a writ of mandate under the California Code of Civil Procedure. The third cause of action seeks declaratory relief. Only these first three claims of the complaint are the subject of this motion. All three claims seek review of TRPA's final determination that a development permit it had issued to plaintiff for the construction of an automobile dealership in the Tahoe Basin had expired. Judicial review of such a decision is provided for in Article VI(j) of the bi-state Tahoe Regional Planning Compact ("Compact"). Although counts one and two of the complaint are predicated under the California Code of Civil Procedure, the court entertained and granted plaintiff's oral motion to amend those counts so as to seek review of TRPA's decision pursuant to Article VI(j) of the Compact. Under Article VI(j), this court's review is limited to determining whether TRPA's decision was supported by substantial evidence and is otherwise in accordance with the law.

As to the defendant's motion for summary judgment on the first three causes of action, the court finds that there are no genuine disputes as to any issues of material fact. Rather the motion turns purely on question of law; i.e., whether the defendant agency correctly construed the terms "Legal Action" in Article VI(p) of the Compact, and whether as a matter of law, equitable estoppel may be asserted against the defendant based on the facts alleged by plaintiff.

The record shows that the building permit here in question expired by opera-

1. The court has also considered plaintiff's post hearing citations to *Herrington v. Sonoma Co.*, 834 F.2d 1488 (9th Cir.1987), and *Barancik v. Co. of Marin*, —— F.2d —— (9th Cir. No. 87–1982) (Slip Op. filed June 30, 1988), both of which are inapposite to this motion.

tion of law on December 19, 1983, unless the expiration date was tolled under Article VI(p). That article provides for the tolling of any "period of time during which the project is the subject of legal action." Compact, Article VI(p). Plaintiff contends that the term "legal action" means anything which prevented the start of construction and which was not illegal. Thus, plaintiff concludes that any delay due to any act or event which is not illegal would come within the tolling provision of Article VI(p). Using that broad definition, plaintiff claims that certain non-litigation actions by other agencies coupled with earlier non-litigation acts by TRPA prevented the start of construction. Plaintiff further asserts that these non-litigation actions were not illegal and therefore fall within the terms "legal action" as used in Article VI(p). The defendant agency on the other hand has given the terms a narrower interpretation. It interprets the phrase "subject of legal action" to mean a lawsuit or litigation which delays the start of construction.

Clearly, defendants' interpretation is the correct one. It is more logical, and gives meaning to the plain language of Article VI(p) which the court does not find ambiguous. Even assuming an ambiguity, the court adopts the reasoning in *Sederquist v. TRPA*, 652 F.Supp. 341, 345–46 (D.Nev. 1987). As explained therein, the interpretation of a statute by the agency charged with its administration is entitled to deference. Thus, if the phrase were considered ambiguous, defendant's interpretation controls because it is a reasonable and sensible interpretation of the language. In contrast, plaintiff's suggested construction of Article VI(p) borders on the frivolous. Obviously, the phrase "subject of legal action" is a reference to a lawsuit or formal litigation that prevents commencement of construction and is not, as plaintiff contends, a broad, open-ended tolling provision for any act or event that does not happen to be illegal. The latter construction not only tortures the language of the statute but defies common sense.

Plaintiff also argues that there is no clear TRPA policy regarding the meaning of the terms "legal action". Therefore, argues plaintiff, there is no reason to defer to the agency's interpretation. However, plaintiff is simply mistaken. Plaintiff put the issue of the interpretation of Article VI(p) before the TRPA governing board when it sought a permit extension based on the same arguments plaintiff asserts now. Plaintiff lost when the motion before the board to approve the requested extension failed. That decision necessarily involved the agency's interpretation of the disputed term, and as noted above, that interpretation is entitled to deference.

Plaintiff has also attempted to manufacture a disputed issue of fact to defeat summary judgment by linking the separate actions by the California–TRPA ("C–TRPA"), the city and the county, with acts by TRPA. Defendant has pointed out that it was the acts of the former and not TRPA which delayed the project start up after TRPA issued a permit. Moreover, the actions of those agencies may not be attributed to TRPA. Plaintiff has responded that the question of which agency caused the delay is a factual dispute that precludes summary judgment. Assuming the genuineness of such a dispute, it is immaterial. As noted above, the delay was not the result of legal action, and it simply does not matter which agency, if any, was responsible for plaintiff's frustrations. Moreover, what plaintiff really complains of is having been frustrated by other independent agencies after TRPA had already issued the permit. TRPA gave its final discretionary approval in February 1980. The delays occasioned thereafter by the acts or decisions of other independent agencies such as the C–TRPA were not the result of action by the defendant. C–TRPA and TRPA were not in privity and each was independent of the other. *See People, etc. v. City of So. Lake Tahoe*, 466 F.Supp. 527, 532, n. 7 (E.D.Cal.1978). Plaintiff's attempt to manufacture a disputed question of fact by arguing that C–TRPA's action in delaying the start of the project was "TRPA inspired" is specious. The statutory make up of the two agencies

clearly demonstrates their independence from each other. *Id.*

Plaintiff obtained TRPA's permit approval on February 27, 1980. That permit was good for one year. Eventually, its validity was extended to three years from the December 19, 1980 extension date. Any impediments to plaintiff pursuing the project were not the result of TRPA. Plaintiff's argument that TRPA caused C–TRPA's action by mandating Article VI(c) of the new Compact also misses the mark. (Plaintiff's opposition, p. 21, 1.14). Congress and the two compacting states, not TRPA enacted the Compact and its Article VI(c). Indeed, TRPA is a creation of the Compact. C–TRPA was created by California alone. The specific delays plaintiff complains of here occurred after TRPA issued its approval and involved plaintiff's inability to get other approvals from C–TRPA, the city and the county. Moreover, none of the acts or events which plaintiff says delayed the project start up fall within the tolling provision of Article VI(p).

Plaintiff also alleges that TRPA should be estopped from asserting that plaintiff's permit has expired because of alleged misinformation given to plaintiff by defendant's employees. Those employees allegedly told plaintiff that including the three year extension, the permit would expire three years from the date of its approval.[2] It is further alleged that defendant's employees mistakenly told plaintiff that there was no way to get a further extension of the expiration date. Defendant does not dispute those allegations for the purposes of this motion. However, this estoppel claim fails as a matter of law.

As with the previous issue regarding agency interpretation, Judge Reed's opinion in *Sederquist* regarding estoppel is similarly instructive on this issue. To successfully assert estoppel against a governmental agency, plaintiff must not only show the traditional elements, but must also show affirmative misconduct that goes beyond mere negligence. Even then, affirmative misconduct will not estop the government unless the wrongful conduct threatens to work a serious injustice and the public's interest would not be unduly damaged by the imposition of estoppel. *Sederquist, supra.*

Here, plaintiff fails to meet even the traditional test, i.e., that defendant knew the true facts, that defendant intended that its misrepresentations be acted upon (or that defendant acted in such a way that plaintiff was led to believe defendant so intended), that plaintiff was ignorant of the true facts, and that plaintiff relied on the misrepresentations to his detriment. *See Sederquist, supra.* Plaintiff has not shown that its inability to commence the project prior to the expiration of the permit in December 1983 is attributable to the misinformation allegedly given by TRPA's staff members. Moreover, plaintiff is presumed to know the law. Article VI(p) is clear to even a lay person that extensions can be obtained under limited circumstances. Thus, assuming the facts as alleged by plaintiff, the equitable estoppel claim against this governmental agency fails as a matter of law.

For the above reasons, defendant's motion for summary judgment as to the first three causes of action is granted.

A status conference is set for February 3, 1989 at 10:30 a.m. Counsel shall file status conference reports by January 23, 1989 which shall address scheduling of the balance of this case. *See* Local Rule 240.

IT IS SO ORDERED.

---

**2.** The three year extension actually ran from the date the extension was granted which was December 19, 1980. Thus, the permit did not actually expire until December 19, 1983.