PER CURIAM.
Douglas Sykes, employed as a fireman with Metro Dade County, suffered a job related injury and became entitled to disability compensation from Metro Dade County in addition to his regular workman’s compensation pursuant to provision of the Metropolitan Dade County Code § 2-56.21 which provides a salary continuation plan for in-line-of-duty injuries suffered by its employees called the “Metropolitan Dade County Service Connected Disability Program”. Under this plan, an employee injured in the line of duty is entitled to full salary for four months from the date of disability which is renewable for an additional four months. This is called “short-term disability”. The Code of Metropolitan Dade County § 2-56.27.1 is entitled “Short-Term Disability Leave and Benefits” and in addition to the above provides in pertinent part:
“If the employee brings litigation against the County while receiving workmen’s compensation, supplemented by disability leave providing full salary, disability leave shall be terminated.”
After making a claim for additional compensation during his “short-term” disability, Sykes instituted litigation against the county within the eight month period in which actions were barred as a condition of receiving the additional compensation. The county then terminated payment of the additional compensation and Sykes com *229 menced the instant action contending that the county ordinance was invalid and unconstitutional. The trial court declined to rule on the constitutionality of the ordinance [1] holding that filing a compensation claim against the county did not constituid bringing litigation against the county, and therefore entered judgment for the withheld compensation. The county appeals and contends that the judge’s construction of the word “litigation” is erroneous. Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla.1974); Lee v. Florida Pine & Cypress, 157 So.2d 513 (Fla.1963); Blackwood v. Penwoven, 140 So.2d 108 (Fla.1962); Campbell v. Wendy’s of South Florida, 495 So.2d 890 (Fla. 1st DCA 1986;) Publix Supermarkets v. Kostrubanic, 421 So.2d 52 (Fla. 1st DCA 1982); Fudge v. Glodix Construction Co., 383 So.2d 765 (Fla. 1st DCA 1980); see also City of San Antonio v. Spears, 751 S.W.2d 551 (Tex.Ct.App.1988); see also American Heritage Dictionary (2d College Ed.1985); Websters Third New International Dictionary (unabridged 1981); Black’s Law Dictionary (5th ed. 1979).
Sykes cross appeals on the trial court’s failure to declare the complained of ordinance unconstitutional. We reverse.
The employee, in claiming the benefits of the extra compensation provided by the ordinance in question, accepted as a condition to payment, the abatement of any action against the county for a period of eight months, and we hold that a claim for additional compensation benefits constitutes litigation against the county. The provision of the ordinance did not preclude any litigation against the county, it merely abated same for a limited period of time. The employee did not have to avail himself of the additional compensation but if he did he was subject to the condition that no litigation against the county could be maintained for the limited period. He, of course, could have collected the additional compensation and brought the action against the county after the expiration of the eight month period. The trial court not having reached the constitutional question, we do not address same, but we reverse the final judgment under review and return the matter to the trial court for further consideration of the constitutional issue so that it may make an initial determination in accordance with Nelson v. Pinellas County, 343 So.2d 65 (Fla. 2d DCA 1977), rev’d in part on other grounds, 362 So.2d 279 (Fla.1978). Therefore the final judgment is reversed and remanded with directions.
BARKDULL and FERGUSON, JJ., concur.

. “(5) The Plaintiff contends that § 2-56.27.1 quoted above is unconstitutional. The Court finds it unnecessary to decide the constitutional question and declines to do so. The Court determines that the filing of a workers' compensation claim does not constitute the bringing of litigation against the County. Therefore, the Defendant was not authorized to terminate the Plaintiffs salary-continuation benefit on such a basis. The Defendant should have continued to pay the Plaintiff full salary for the period of time required by law.”