**FISHER CONTROLS INTERNATIONAL, INC., Appellee,**

v.

**Michael J. MARRONE, Appellant.**

**No. 93–1309.**

Supreme Court of Iowa.

Nov. 23, 1994.

Edward N. McConnell of Babich, McConnell & Renzo, Des Moines, for appellant.

Joel T.S. Greer and Gregory D. Thompson of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

Michael Marrone, an employee of plaintiff, Fisher Controls International, Inc. (Fisher), appeals from an adverse judgment in a breach-of-contract action brought against him by Fisher. Marrone's employment with Fisher was terminated on March 12, 1992, as part of an overall staff reduction. At about that time, he entered into a "severance agreement" with Fisher under which he was paid a lump sum of $38,527.34. That amount substantially exceeded the termination benefits to which he was otherwise entitled under the terms of his contract with Fisher. There was a clause in the severance agreement, which stated that "prior to initiating any legal action against Fisher ... relating to your employment or termination of employment, you must tender to Fisher the gross amount of the severance pay."

Later, Marrone filed a civil rights complaint with the Iowa Civil Rights Commission, alleging age discrimination against Fisher. As a consequence of that action, Fisher demanded that Marrone repay the severance pay that he had received. Marrone refused.

In Fisher's action to recover the lump-sum severance payment, it specifically alleged that the subject of Marrone's civil rights complaint was age discrimination in the termination of his employment. Fisher did not deny in his answer that his complaint involved the termination of his employment. He only challenged whether the language of the contract referring to "any legal action against Fisher" included a civil rights complaint. Based on this state of the pleadings and its interpretation of the written agreement, the district court granted summary judgment in favor of Fisher for the amount of Marrone's lump-sum severance pay plus interest. After reviewing the arguments presented on appeal, we affirm that judgment.

An answer to a specific allegation of fact contained in a petition must either specifically admit or specifically deny that allegation. Iowa R.Civ.P. 72. The failure to deny a specific allegation of fact in a party's answer is an admission of that fact for purposes of further proceedings in the case. Iowa R.Civ.P. 102. The district court properly decided Fisher's motion for summary judgment in accordance with these well-established pleading principles.

The district court correctly concluded that, based on the state of the pleadings at the time that motion was decided, it stood admitted that Marrone's complaint to the Iowa Civil Rights Commission included a challenge to his termination of employment. Consequently, all that remained for the district court to determine was whether the filing of a complaint with the Iowa Civil Rights Commission was the equivalent of "initiating any legal action against Fisher" as contemplated in the agreement. We agree with the district court that it was. The phrase "any legal action" is substantially broader than the phrase "an action." It encompasses, we believe, a formal proceeding

in any forum in which a party is entitled to seek the relief being asked under authority of the state. *See S & M Inv. Co. v. Tahoe Regional Planning Agency,* 702 F.Supp. 1471, 1473 (E.D.Cal.1988). Pursuing a claim before an administrative agency empowered to grant the relief requested satisfies this test. *See Metropolitan Dade County v. Sykes,* 557 So.2d 228, 229 (Fla.App.1990). The district court properly concluded that, in filing the civil rights complaint, Marrone triggered a right on Fisher's behalf to recoupment of the lump-sum severance pay tendered to Marrone.

Marrone urges that the district court's ruling is in conflict with requirements for releasing liability under 29 U.S.C. § 626(f), a federal statute applicable to age discrimination cases brought under federal law. The complete agreement between Marrone and Fisher included, in addition to the clause on severance pay (and the return thereof), a clause on releasing liability of Fisher to Marrone under state and federal law. These clauses are separate and distinct. The present dispute does not relate to the validity of the release. That is an issue pending with respect to certain counterclaims that were filed against Fisher by Marrone. The issue may also be pending in the proceeding before the Iowa Civil Rights Commission.

Marrone's counterclaim is pending undisposed of in the district court. The status of the civil rights complaint is not ascertainable from the record before us. The district court's ruling on Fisher's entitlement to return of the severance pay or our decision affirming that ruling do not reflect either favorably or unfavorably on the validity of the release clause in the agreement between the parties as that matter may arise in the pending proceedings.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**