Steven E. **BAUSTIAN**

v.

**STATE OF LOUISIANA, et al.**

Civ. A. No. 95–1072 "I".

United States District Court,
E.D. Louisiana.

Jan. 9, 1996.

Steven E. Baustian, New Orleans, LA, pro se.

Sandra Gutierrez, La. Department of Justice, New Orleans, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Before the Court is a motion to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6) filed by defendants, State of Louisiana, through the Department of Public Safety and Corrections, Richard Stalder, Charles Klopf, Alton Daniels, William Price, Morris Easley, and James LeBlanc; Plaintiff Baustian's opposition to the motion; and a supplemental memorandum in support filed by defendants. Having reviewed the motion, the memoranda of the parties, the record, and the law, the Court grants the motion to dismiss plaintiff's claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

### Background

Plaintiff was employed by the Department of Public Safety and Corrections in the Division of Probation and Parole, but was dismissed from employment after being found in possession of an illegal drug while driving an assigned state vehicle. Plaintiff later filed suit against the state and various individuals employed by the Division of Probation and Parole, claiming that he is a qualified individual with a disability who is entitled to protection under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, et seq., and that he was terminated in violation of the ADA. Plaintiff contends that his disability is an addiction to marijuana.[1] He further claims to have been enrolled in a drug treatment program at the New Orleans Substance Abuse Center at the time of his termination.

---

**1.** Plaintiff claims that he became addicted to marijuana while serving in Vietnam, and that October 4, 1994 was the last date he used drugs illegally.

### Law and Analysis

The standard for determining defendants' motion to dismiss for failure to state a claim is provided in Fed.R.Civ.Proc. 12(b)(6). A Rule 12(b)(6) motion should only be granted "if it appears that no relief could be proved under any set of facts that could be proved consistent with the allegations." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879 (5th Cir.1986). Further, in reviewing such a motion, "the court must accept as true all well-pleaded averments and view them in the light most favorable to the plaintiff." *American Waste & Pollution Control Company v. Browning–Ferris, Inc.*, 949 F.2d 1384 (5th Cir.1991). Conclusory allegations or legal conclusions masquerading as facts will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir.1993). The Court now turns to the merits of the arguments with these standards in mind.

While the ADA protects qualified individuals with disabilities from being discriminated against on the basis of those disabilities, *see* 42 U.S.C. § 12112, it also provides that employees currently engaged in the illegal use of drugs are not considered qualified individuals. 42 U.S.C. § 12114. The act does create a "safe harbor" for chemically dependent persons who are participating in a drug rehabilitation program and who are no longer engaged in use of the illegal drug. 42 U.S.C. § 12114(b). This provision applies to a long-term recovery program, and requires that the person has been drug-free for a considerable period and in recovery long enough to have become stable. *McDaniel v. Mississippi Baptist Medical Center*, 877 F.Supp. 321 (S.D.Miss.1995).

In *McDaniel*, the court was faced with the same question as is now before this Court: how long must one have abstained from drug use to fall under the ADA's protections? The *McDaniel* court declined to create a brightline distinction, but concluded that being drug-free for merely six weeks did not satisfy the requirements of the statute. The court found that the exception applied to a long term recovery program, and to long term abstinence from drug use, not an immediate one. *McDaniel v. Mississippi Baptist Medical Center*, 877 F.Supp. at 328. This Court agrees with the reasoning in *McDaniel* and, taking as true Baustian's claim that his last drug use was October 4, 1995, finds that the roughly seven weeks period between his being caught with the drugs and being terminated [2] simply is not a sufficiently long enough time to avoid being classified as current drug use.

Nevertheless, plaintiff Baustian maintains that, at the time he was fired, he was a "recovering drug addict," not a "current" drug user, and therefore he was entitled to protection under the ADA. He relies primarily on a passage from an EEOC Technical Assistance Manual which provides:

### 8.5 Recovering Drug Addicts

> Persons addicted to drugs, but who are no longer using drugs illegally and are receiving treatment for drug addiction or who have been rehabilitated successfully, are protected by the ADA from discrimination on the basis of past drug addiction.

Plaintiff apparently believes that enrolling in and participating in a drug rehabilitation program immediately after being caught with drugs will somehow insulate him from disciplinary action or termination. This very situation is addressed on the same page of the same EEOC Technical Assistance Manual on which Plaintiff relies. It states:

> " 'Current' drug use means that the illegal use of drugs occurred recently enough to justify an employer's reasonable belief that involvement with drugs is an ongoing problem. It is not limited to the day of use, or recent weeks or days, in terms of an employment action. It is determined on a case-by-case basis.

> **For example:** An applicant or employee who tests positive for an illegal drug cannot immediately enter a drug rehabilitation program and seek to avoid the possibility

---

**2.** James LeBlanc wrote Baustian's letter of termination on November 28, 1994, with termination to be effective December 5, 1994.

of discipline or termination by claiming that s/he now is in rehabilitation and is no longer using drugs illegally. A person who tests positive for illegal use of drugs is not entitled to the protection that may be available to former users who have been or are in rehabilitation."

In this case, Plaintiff was terminated seven weeks after being caught with and arrested for possession of an illegal drug. He claims that he was enrolled in a drug treatment program at the time of his termination. The Court reiterates that, at the time he was terminated, Baustian had not been drug-free for a sufficiently long enough period of time to be classified as a recovering drug user. Seven weeks simply does not satisfy the statute's requirement of long term abstinence from illegal drug use. *See McDaniel v. Mississippi Baptist Medical Center, supra.* Considering the conclusion above, the Court must then find that Baustian is not a "qualified individual with a disability" entitled to the protections of the ADA.

Although the Court has found that Baustian is not a qualified individual with a disability, and therefore not entitled to proceed under the ADA, the Court must now decide whether to address Baustian's claims that access to his employer's Employee Assistance Program was applied in a discriminatory manner. The Court shall therefore require the parties to submit briefs addressing whether these claims also fall under federal law, or whether the remaining issues should be remanded to state court.

Accordingly,

**IT IS ORDERED** that:

(1) defendants' motion to dismiss for failure to state a claim under the Americans with Disabilities Act is **GRANTED;** and

(2) the parties shall file briefs discussing the question of whether the Court should remand the remaining claims to state court **within ten (10) days.**