**Thomas J. TOW, Appellee,**

v.

**TRUCK COUNTRY OF IOWA, INC. and William Roth, Appellants.**

No. 04–0462.

Supreme Court of Iowa.

April 15, 2005.

Edward M. Blando and Christopher L. Bruns of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellants.

Thomas D. Wolle of Moyer & Bergman, P.L.C., Cedar Rapids, for appellee.

CARTER, Justice.

Truck Company of Iowa, Inc. (TCI) appeals from an adverse money judgment against it in favor of plaintiff, Thomas J. Tow.[1] The claim upon which that judgment was based involved the application of TCI's drug-testing policy for prospective employees. The district court found that TCI had violated Iowa Code section 730.5(6)(*b*) (1999) by denying Tow employment based on his refusal to be retested at his own expense for drugs or alcohol in his bloodstream. An initial chemical test for that purpose had been inconclusive. The court awarded Tow substantial damages for lost wages and attorney fees. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

## I. *Scope of Review.*

■ The ruling involving TCI's liability was contained in an order granting partial summary judgment. That ruling will be reviewed to determine whether it was a correct application of the law based on the undisputed facts in the record. *Campbell v. Delbridge*, 670 N.W.2d 108, 110 (Iowa 2003); *Bushby v. Washington County Conservation Bd.*, 654 N.W.2d 494, 496 (Iowa 2002). The issue of Tow's damages was determined at a bench trial, and because the action is at law, it will be reviewed to determine whether it was not supported by substantial evidence or was induced by an improper application of the law. *Warder & Lee Elev., Inc. v. Britten*, 274 N.W.2d 339, 340 (Iowa 1979); *Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978).

## II. *Motion for Summary Judgment.*

A. *The undisputed facts.* In December 2000, Tow, who had previously been employed as a customer service advisor at Sears, applied for a similar position with TCI. He was conditionally hired for an agreed salary subject to passing a physical examination and testing negative on a urine analysis to determine whether drugs or alcohol were present in his bloodstream.

TCI scheduled an analysis of Tow's urine for December 26 (twelve days after his conditional hiring). A scheduling mix-up at the laboratory aborted the testing on that date. The test was rescheduled for January 2, 2001, and was completed on that date. Because the test revealed that Tow's urine sample was abnormally diluted with regard to normal urine components, it was viewed as inconclusive by the laboratory. When so informed, TCI's general manager contacted Tow and advised him that under TCI's employment policy he could not be hired based on an inconclusive drug test. He was told that he could take a second test and would be hired if it revealed a negative result. He was further advised that he would have to advance the cost of retesting but that he would be reimbursed by TCI if the test results were negative. Tow declined to advance the cost of retesting, a second test was not scheduled, and Tow was not hired. Tow urges that, because he was not legally obligated to pay for the cost of retesting,

---

1. William Roth, TCI's general manager, is also an appellant. Tow's judgment was against TCI and Roth, jointly and severally. The contentions of the two defendants on appeal are identical. Consequently, for convenience of reference, we will only refer to TCI throughout the opinion.

TCI's reliance on his refusal to retest in making its hiring decision was contrary to law.

■ B. *The legal issues on summary judgment.* TCI maintains that it was under no legal requirement to pay for the cost of a second test of Tow's urine after the first test was deemed to be inconclusive. This contention must be evaluated with regard to the statutory scheme set out in Iowa Code section 730.5.

Subparagraph 4 of Iowa Code section 730.5(10)(*a*) provides that "an employer may test employees and prospective employees for the presence of drugs or alcohol as a condition of continued employment or hiring." Subparagraph 10(*a*)(4) provides that receipt of a confirmed positive drug or alcohol test in violation of the employer's written policy may result in "[r]efusal to hire a prospective employee." That subparagraph also provides that a similar result may prevail if an employee refuses to submit to a test. Paragraph 15(*a*) provides that violations of section 730.5 may be made the subject of a civil action and remedies may be invoked, including reinstatement or hiring, with or without back pay, and other appropriate relief, including costs and attorney fees.

■ With respect to the cost of testing for purposes of implementing the provisions of section 730.5, paragraph 6(*b*) provides, "An employer shall pay all actual costs for drug or alcohol testing of employees and prospective employees required by the employer." Our ultimate goal in interpreting statutes is to discover the true intention of the legislature considering the clearly stated objects and purposes involved. *State v. Rhiner,* 670 N.W.2d 425, 428 (Iowa 2003); *Bernau v. Iowa Dep't of Transp.,* 580 N.W.2d 757, 761 (Iowa 1998). In order to ascertain the meaning of statutory language, we consider the context of the provision at issue and strive to inter-

pret it in a manner consistent with the statute as an integrated whole. *Griffin Pipe Prods. Co. v. Guarino,* 663 N.W.2d 862, 865 (Iowa 2003). In applying these rules of interpretation, we are convinced that TCI was required to pay the cost of retesting Tow if it intended to employ the company's drug-testing policy as a condition for hiring him.

The manifest purpose of section 730.5 is to regulate drug testing initiated by employers for the purpose of influencing employment decisions. It is undisputed TCI was invoking its drug-testing policy for prospective employees in the consideration of Tow's employment. Its action in doing so without complying with the requirement that it pay "all actual costs for drug or alcohol testing" was properly found by the district court to be a violation of section 730.5 upon which civil remedies may be predicated. The district court did not err in granting summary judgment in favor of Tow with respect to this issue.

### III. *Findings by the Court as to Damages.*

■■ Following the district court's ruling on Tow's motion for summary judgment, the matter of damages was considered at a bench trial. The district court found that TCI's utilization of its drug-testing policy in the hiring decision resulted in actual damages to Tow based upon the wages he would have received had he been hired. In reviewing the record, we are convinced that this finding is supported by substantial evidence. Tow had been conditionally hired prior to the initiation of drug testing, and his compensation had been agreed on between the parties. When the test of his urine sample was inconclusive, he was again advised that his hiring would be implemented if he took another drug test that produced a negative result. The damages awarded by the dis-

trict court were based on the hourly rate that had been agreed upon for the years 2001 and 2002 less Tow's earnings from other employment during those years. In addition, the court awarded Tow judgment for the amount of attorney fees incurred in pursuing this litigation. An award of attorney fees is authorized by section 730.5(15)(*a*). Neither the basis for computing damages nor the legitimacy of the attorney fees awarded have been made an issue on this appeal. The district court's award is affirmed.

### IV.  *Failure to Mitigate Damages.*

■■ TCI asserted in its answer and vigorously asserted at the trial on damages that Tow should be precluded from recovery as a result of his failure to advance the cost of retesting in an effort to mitigate the damages that he sustained from the loss of employment at TCI. Under Iowa law, the burden of proof in asserting that a party has failed to mitigate damages is on the party asserting that claim. *Lannom Mfg. Co. v. Strauss Co.*, 235 Iowa 97, 105–06, 15 N.W.2d 899, 903 (1944). TCI of-fered no evidence of what the actual cost of retesting would have been. In cross-examining Tow at the hearing on damages, TCI's counsel asked him a hypothetical question that assumed the cost of retesting would have been fifty dollars. Tow testified that he would have been unable to pay for the test at that cost. The district court found that Tow's efforts in securing other employment were sufficient to satisfy his duty to mitigate damages. It implicitly rejected the claim that it was unreasonable for Tow not to have advanced the cost of retesting. We are satisfied that, on the record presented, this was an issue of fact for the district court to resolve. We have considered all issues presented and conclude that the judgment of the district court must be affirmed.

**AFFIRMED.**