# IN THE SUPREME COURT OF IOWA

No. 24 / 04-1769

Filed August 11, 2006

**JERI RAE McVEY**,

     Appellant,

vs.

**NATIONAL ORGANIZATION SERVICE, INC.**,

     Appellee.

---

Appeal from the Iowa District Court for Polk County, Artis I. Reis, Judge.

Discharged employee who alleged noncompliance with statutory requirements for employee drug testing appeals from adverse summary judgment in wrongful-discharge action. **REVERSED AND REMANDED.**

Mark T. Hedberg, Des Moines, for appellant.

Jacqueline K. Samuelson and Gretchen Witte Kraemer of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

**CARTER, Justice.**

Plaintiff, Jeri Rae McVey, who was discharged by her employer defendant, National Organization Service, Inc. (NOS), after testing positive for marijuana ingestion, brought the present action alleging her employer's noncompliance with the statutes governing employee drug testing and requesting damages for wrongful termination of her employment. The district court granted summary judgment for the employer, and plaintiff appeals. After reviewing the record and considering the arguments presented, we conclude that, at the time of the district court's judgment, there were genuine issues of material fact remaining that precluded the grant of summary judgment. Consequently, we reverse the judgment of the district court and remand the case to that court for further proceedings consistent with our opinion.

When McVey reported for work at NOS on July 9, 2003, she was subjected to a random drug test. The laboratory results returned to her employer were positive as to the presence of marijuana. Prior to the time that McVey was to report for work on the date that the test results were obtained by NOS, she telephoned her employer and questioned whether the result of her random drug test was positive. The substance of this telephone conversation is disputed; however, it is agreed that McVey was advised that the test results were positive for marijuana and that her employment was terminated. McVey did not return to work after this conversation.

On November 13, 2003, McVey filed this action alleging that the random drug test imposed on her was carried out in violation of the statutory requirements for employee drug testing contained in Iowa Code section 730.5 (2003). As a result of that alleged violation, she sought to

recover damages from NOS, including reinstatement of her employment pursuant to the provisions of Iowa Code section 730.5(15)(*a*).

During the discovery process, NOS filed several requests for admission. Based on McVey's answers to those requests and an affidavit of its Des Moines manager, NOS moved for summary judgment. Included in the statement of undisputed facts filed by NOS in support of that motion was a contention that McVey had been informed of the company's drug-testing policy that prohibited the use of illegal drugs by NOS employees. Attached to that statement were two exhibits, exhibit D, which was alleged to include the written drug-testing policy that NOS adopted pursuant to section 730.5(9), and exhibit E that was denominated as "DRUG-FREE WORKPLACE POLICY" and pertained to federal law requirements that, because NOS was a federal contractor, its employees must report controlled substance convictions to the employer and ultimately to the federal government. Exhibit E also required the employee to waive any breach-of-privacy claim against the employer for conveying an employee's controlled substance history to a federal agency.

To obtain a grant of summary judgment on some issue in an action, the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law. *Goodwin v. City of Bloomfield*, 203 N.W.2d 582, 588 (Iowa 1973). To affirmatively establish uncontroverted facts that are legally controlling as to the outcome of the case, the moving party may rely on admissions in the pleadings, *see Fisher Controls Int'l v. Marrone*, 524 N.W.2d 148, 149 (Iowa 1994), affidavits, depositions, answers to interrogatories by the nonmoving party, and admissions on file. Iowa R. Civ. P. 1.981(3). Except as it may carry with it express stipulations concerning the anticipated summary judgment ruling, a statement of uncontroverted facts by the moving party

made in compliance with rule 1.981(8) does not constitute a part of the record from which the absence of genuine issues of material fact may be determined. *Glen Haven Homes, Inc. v. Mills County Bd. of Review*, 507 N.W.2d 179, 182 (Iowa 1993). The statement required by rule 1.981(8) is intended to be a mere summary of the moving party's factual allegations that must rise or fall on the actual contents of the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits. *Griglione v. Martin*, 525 N.W.2d 810, 813 (Iowa 1994). If those matters do not reveal the absence of genuine factual issues, the motion for summary judgment must be denied. *Mead v. Lane*, 203 N.W.2d 305, 307 (Iowa 1972).

Among the detailed requirements for employee drug testing that are contained in section 730.5, it is provided that drug testing shall be carried out within the terms of a written policy that has been provided to every employee and is available for review. Iowa Code § 730.5(9)(*a*)(1). It is further provided that this written policy shall provide "uniform requirements for what disciplinary or rehabilitative actions an employer shall take against an employee or prospective employee upon receipt of a confirmed positive drug or alcohol test." Iowa Code § 730.5(9)(*b*).

In seeking to uphold the district court's grant of summary judgment, NOS relies on the principle that under Iowa law, if an expressly stated term of employment is not provided by contract, employment is at will. It urges that exceptions to that rule relating to discharges found to be in violation of public policy as applied in *Springer v. Weeks & Leo Co.*, 429 N.W.2d 558, 561 (Iowa 1988), are not applicable because public policy does not favor the presence of drug users in the workplace. McVey urges, and we agree, that the present dispute does not involve an issue of court-declared public-policy violations such as were found to exist in the *Springer* case, but rather

involves compliance with detailed statutory requirements, which create a cause of action in favor of one who has been injured by a failure to abide those requirements.[1] We recognized in *Tow v. Truck Country of Iowa, Inc.*, 695 N.W.2d 36, 39 (Iowa 2005), that a discharge from employment may be based on an employee drug-testing program only if that program is being carried out in compliance with the governing statutory law.

McVey acknowledges receipt of exhibit E but, in both her answers to request for admissions and the affidavit that she filed, denies receiving or otherwise being made aware of the company drug-testing policy set forth in exhibit D. McVey urges that the requirement that the employer adopt an employee drug-testing policy and deliver it to each employee is a necessary step in invoking the statutory authorization for such testing. We agree. We further agree that it is essential the employee drug-testing policy, as formulated by the employer, contain uniform requirements for what disciplinary or rehabilitation actions an employer shall take against an employee or prospective employee upon receipt of a confirmed positive drug test. Clearly, exhibit E, which is the only statement of policy that McVey admits to having received, fails to satisfy these requirements. Consequently, there remains a genuine issue of material fact as to whether exhibit D was received by McVey. In addition, on the latter matter, McVey asserts that, in any event, exhibit D does not contain the required statement of a uniform requirement for discipline on receipt of a confirmed positive drug test and fails to comply with the statute in other respects. We

---

[1]That the public policy exception to at-will employment recognized in *Springer* is based on a court-declared public policy is borne out in *Fitzgerald v. Salsbury Chemical, Inc.*, 613 N.W.2d 275 (Iowa 2000), in which we observed "we must proceed cautiously when asked to declare public policy to support an exception to the at-will doctrine, and only utilize those policies that are well recognized and clearly defined." *Fitzgerald*, 613 N.W.2d at 283. In the present case, we must apply that public policy that the legislature has set forth in section 730.5.

express no opinion on those matters and leave them as issues to be resolved on remand in the event that the district court finds that McVey was furnished with a copy of exhibit D. For the reasons advanced in this opinion, the court erred in granting summary judgment in favor of NOS.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**