# IN THE COURT OF APPEALS OF IOWA

No. 18-1320
Filed September 25, 2019

**TODD WHITMAN,**
Plaintiff-Appellant,

**vs.**

**CASEY'S GENERAL STORES, INC. and CASEY'S MARKETING COMPANY,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Plaintiff appeals the district court's denial of his motion for judgment notwithstanding the verdict and for a new trial following the jury verdict for defendants on his claims of improper drug testing. **AFFIRMED.**

Matthew M. Sahag of Dickey & Campbell Law Firm, PLC, Des Moines, and Michael J. Carroll of Coppola, McConville, Coppola, Carroll, Hockenberg & Scalise, West Des Moines, for appellant.

Andrew Tice and Lindsay Vaught of Ahlers & Cooney, P.C., Des Moines, for appellees.

Heard by Potterfield, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Todd Whitman appeals the district court's denial of his motion for judgment notwithstanding the verdict and for a new trial following the jury verdict for Casey's General Stores, Inc. and Casey's Marketing Company (Casey's). We find (1) the district court did not err in denying Whitman's motion for judgment notwithstanding the verdict on his claim Casey's improperly required him to take a drug test; (2) Whitman was not entitled to a new trial based on inconsistent verdicts; (3) Whitman is not entitled to a new trial based on improper jury instructions; and (4) the court did not abuse its discretion in awarding attorney fees. We affirm the decision of the district court.

## I.  Background Facts & Proceedings

From the evidence presenting during the trial, the jury could find the following facts. In 2006, Whitman applied for a job at the Casey's warehouse in Ankeny. On the application question, "Have you ever been convicted of a crime other than a routine traffic violation," Whitman wrote down he had a 1998 conviction for conspiracy. He signed the application, which stated, "Any material misrepresentation or deliberate omission on my application may subject me to immediate dismissal." After an interview with the warehouse manager, William Brauer, Whitman was hired as a heavy-duty warehouse employee. Casey's felt it was essential to maintain safety in the warehouse due to the busy work environment and the use of heavy machinery, such as forklifts.

On November 5, 2014, Whitman used methamphetamine in his off-duty hours, then reported to work on November 6. He again used methamphetamine after work on November 6, then worked on November 7. In the evening on Friday,

November 7, Whitman was arrested for possession of illegal drugs. He was impaired at the time of his arrest. Over the weekend, Whitman smoked marijuana. He worked his next regular shift at Casey's on Tuesday, November 11. By the end of the day, Brauer and Marcella Burkheimer, the director of human resources, learned of Whitman's arrest on November 7.

On the morning of November 12, Whitman was asked to meet with Brauer and Rick Buckroyd, a shift supervisor. Whitman admitted to his recent arrest and stated he had smoked marijuana over the weekend. Brauer stated Whitman "got very loud, and he just started talking erratically, and it was just kind of a chaotic situation." He told Whitman he needed to take a drug test. Whitman asked to go to treatment and mentioned he had post-traumatic stress disorder (PTSD). Buckroyd drove Whitman to the drug test. He noticed Whitman drank a large quantity of water before taking the test. Whitman was suspended from work but was paid for November 12 to 15.

On November 14, the human resources department received the results of the drug test, which were negative. Brauer stated he was not yet aware of the results of the drug test when he decided to terminate Whitman. Burkheimer looked at Whitman's criminal history and found he had many more convictions than he put on his application. Brauer and Burkheimer determined Whitman should be discharged because of his admitted drug use and his failure to fully disclose his criminal convictions on his application. On November 19, Brauer called Whitman, who was then in a substance-abuse treatment facility, to tell him he was terminated from employment at Casey's.

On November 4, 2016, Whitman filed an action alleging Casey's had engaged in disability discrimination, improperly required him to take a drug test based on the provisions in Iowa Code section 730.5 (2016), and violated chapter 91A by failing to pay him all of his wages. The jury found Whitman was "currently engaged in the illegal use of drugs at the time of his termination"; he did not prove his disability discrimination claim based on PTSD; Casey's complied with section 730.5, and even if there had been a violation of section 730.5, Whitman would have been terminated anyway; and Whitman was entitled to $336 in back pay.

Whitman filed a combined motion for new trial and for judgment notwithstanding the verdict. The district court found the jury did not give inconsistent answers on Whitman's wage claim, as the award of back pay was "ostensibly for shifts available to [Whitman] between November 16-19, 2014," and was not inconsistent with a finding there was no violation of section 730.5. The court also determined there was substantial evidence in the record to support the jury's verdict Casey's terminated Whitman's employment for "valid reasons independent and separate from the drug test results." The court denied Whitman's complaints about certain jury instructions. The court also found the jury's verdict was not contrary to the weight of the evidence. The court awarded Whitman attorney fees of $3360 based on his successful wage claim for $336. Whitman now appeals.

## II. Section 730.5

Whitman claims the district court should have granted his motion for judgment notwithstanding the verdict because Casey's did not follow the provisions in section 730.5 when it required him to take a drug test. He states Casey's failed

to (1) adequately train supervisory personnel, (2) have reasonable suspicion to test him, (3) reinstate him after his negative drug test, and (4) follow its written policies concerning drug testing.

We review a district court's ruling on a motion for judgment notwithstanding the verdict for the correction of errors at law. *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 460 (Iowa 2017). "On review, we 'determine whether sufficient evidence existed to justify submitting the case to the jury at the conclusion of the trial.'" *Garr v. City of Ottumwa*, 846 N.W.2d 865, 869 (Iowa 2014) (quoting *Lee v. State*, 815 N.W.2d 731, 736 (Iowa 2012)). "To justify submitting the case to the jury, substantial evidence must support each element of the plaintiff's claim." *Smith v. Iowa State Univ. of Sci. & Tech.*, 851 N.W.2d 1, 18 (Iowa 2014). "Evidence is substantial if a jury could reasonably infer a fact from the evidence." *Winger v. CM Holdings, L.L.C.*, 881 N.W.2d 433, 445 (Iowa 2016). We review the evidence in the light most favorable to the nonmoving party. *Dinsdale Constr., LLC v. Lumber Specialties, Ltd.*, 888 N.W.2d 644, 649 (Iowa 2016).

"[A] discharge from employment may be based on an employee drug-testing program only if that program is being carried out in compliance with the governing statutory law." *McVey v. Nat'l Org. Serv., Inc.*, 719 N.W.2d 801, 803 (Iowa 2006). This rule applies to a termination from employment "*based on an employee drug-testing program.*" *See id.* (emphasis added). In *Sims v. NCI Holding Corporation*, 759 N.W.2d 333, 340 (Iowa 2009), the Iowa Supreme Court determined an employee's employment "was not adversely affected" by the employer's failure to timely inform him of his right to have a confirmatory drug test as required by section 730.5(7), as his initial drug test was not erroneous, and the employee was not

therefore entitled to reinstatement of his employment. Thus, an employee is entitled to relief only if the employee's employment was "adversely affected" by an improper drug test. *See Sims*, 759 N.W.2d at 340; *see also* Iowa Code § 730.5(15)(a)(1).

The jury found Whitman was "currently engaged in the illegal use of drugs at the time of his termination," and his "employment [would] have been terminated even if there had been no violation of Iowa Code section 730.5." In denying the motion for judgment notwithstanding the verdict, the district court stated:

> [T]he court finds the jury's verdict is supported by substantial credible evidence presented at trial. Casey's would not have been compelled or obligated to reinstate [Whitman's] employment because the jury heard credible evidence that would permit them to find [Whitman] would ultimately have been terminated—and was terminated—by Casey's for valid reasons independent and separate from the drug test results.

A motion for judgment notwithstanding the verdict should be denied if the jury's verdict is supported by substantial evidence. *Winger*, 881 N.W.2d at 435. Brauer testified he made the decision to terminate Whitman before he knew the results of the drug test and the results of the test did not change his mind. Burkheimer testified Whitman should have been terminated on November 12 when he admitted using illegal drugs and the drug test did not have "any adverse effect" on Whitman's employment. We find no error in the district court's decision denying the motion for judgment notwithstanding the verdict.

## III. Inconsistent Verdicts

Whitman claims the district court should have granted his motion for new trial on the ground the jury gave inconsistent verdicts. He states the jury's verdict finding Casey's had violated chapter 91A was inconsistent with its finding Casey's

complied with section 730.5. He asserts the award of $336 in back pay was in recognition of a violation of section 730.5 by Casey's.

"A motion for a new trial based on the question of inconsistent verdicts is a question of law, so our review is for correction of errors at law." *Westco Agronomy Co., LLC v. Wollesen*, 909 N.W.2d 212, 219 (Iowa 2017). "When deciding if a verdict is inconsistent, we liberally construe the jury's verdict to give effect to the jury's intention and harmonize the jury's answers if possible." *Pavone v. Kirke*, 801 N.W.2d 477, 498 (Iowa 2011). "We also must determine whether the verdicts can be reconciled in a manner reasonably consistent with the evidence and the jury instructions." *Id.*

Burkheimer testified Casey's records showed Whitman had not been paid for November 17 to 19, and he was discharged from his employment on November 19. The district court found, "The two days of wages awarded by the jury under the chapter 91A wage claim were ostensibly for shifts available to [Whitman] between November 16-19, 2014, which were *not* 'prior to receipt of the final [drug test] results.'" The court concluded, "[T]the jury award of wages for these two days was not inconsistent with section 730.5(10)(b)." We find no error in the district court's conclusion, which logically reconciled the jury's verdicts in this case.

## IV.    Jury Instructions

Whitman contends the district court should have granted his motion for new trial on the ground the court improperly gave two jury instructions, which he states were misstatements of the law. We review a challenge to the jury instructions for the corrections of errors at law. *Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 570 (Iowa 2017). A jury's verdict should be reversed if there has

been a material misstatement of the law in the instructions. *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 902 (Iowa 2015). A verdict should also be reversed if the "instructions are misleading and confusing." *Id.*

A.      Instruction number 11 provided:

Defendants have the burden to prove whether an employee is currently engaged in the illegal use of drugs and that Defendants had actual knowledge of such use.

The law does not protect an employee who is currently engaged in the illegal use of drugs when the employer acts on the basis of such use. An employee is considered to be "currently engaging in the illegal use of drugs" at the time of his termination if drug use was sufficiently recent to justify the employer's reasonable belief that illegal drug use was an ongoing problem rather than a problem that was in the past. Currently engaging in the illegal use of drugs is not limited to situations where the employee is presently under the influence of drugs at the time of his termination. If Plaintiff used illegal drugs in the weeks and months preceding his termination, then he was currently engaging in the illegal use of drugs at the time of his termination.

In particular, Whitman objects to the last sentence, "If Plaintiff used illegal drugs in the weeks and months preceding his termination, then he was currently engaging in the illegal use of drugs at the time of his termination." Whitman claims this instruction misstates the law because it should have required proof the employer had knowledge of the employee's current drug use. Also, he states the instruction should have required evidence he used drugs while at work or was intoxicated at work.

The district court stated the instruction was "a correct synthesized statement of the missing definition in other jurisdictions." *See Greer v. Cleveland Clinic Health Sys.*, 503 F. App'x 422, 431 (6th Cir. 2012); *Johnson v. City of Columbus*, No. C2-99-531, 2001 WL 605040, at *6 (S.D. Ohio May 29, 2001); *Vedernikov v. W. Va. Univ.*, 55 F. Supp. 2d 518, 523 (N.D.W.V. 1999); *Baustian v. Louisiana*,

910 F. Supp. 274, 277 (E.D. La. 1996); *Wormley v. Arkla, Inc.*, 871 F. Supp. 1079, 1084 (E.D. Ark. 1994). The court also found Whitman did not show he was prejudiced by the instruction, as the evidence showed he used methamphetamine and marijuana shortly before he was discharged by Casey's. Burkheimer testified it violated Casey's drug and alcohol policy for an employee to use illegal drugs outside of work in order to protect the safety of the other employees.

We find instruction number 11 is not a material misstatement of the law. Furthermore, even if the instruction was a material misstatement of the law, Whitman has not shown he was prejudiced by the instruction. *See Mumm v. Jennie Edmundson Mem'l Hosp.*, 924 N.W.2d 512, 518 (Iowa 2019) ("However, it is well-settled that an instructional error must be prejudicial to warrant reversal."). During the trial, Whitman testified he used methamphetamine and marijuana shortly before his termination. We conclude the district court did not err by denying Whitman's motion for new trial based on the instruction.

**B.** Whitman asserts instruction number 20 is a material misstatement of the law. Instruction number 20 provides:

Your verdict must be for Plaintiff and against Defendant on Plaintiff's Iowa Code section 730.5 claim if all of the following elements have been proven:
First, that Defendant violated Iowa Code section 730.5 by:
1. Failing to reinstate Plaintiff and pay him back pay, plus interest at the rate of 18% per annum compounded annually, for a period of suspension following a drug test but prior to receipt of the final results of the drug test;
2. Failing to give Plaintiff an opportunity to provide any information which may be considered relevant to the test, including identification of prescription or nonprescription drugs currently or recently used, or other relevant medical information;
3. Failing to administer a drug test within the terms of its written policy; or

> 4. Ensuring that Plaintiff's supervisor attended the required periodic training regarding alcohol and drug abuse.
> And,
> Second, Plaintiff's employment with Defendants was adversely affected by Defendants' violation of Iowa Code section 730.5.
> For the purposes of this claim, it is Defendants' burden to prove compliance with Iowa Code section 730.5. It is Plaintiff's burden to prove his employment with Defendants was adversely affected by a violation of Iowa Code section 730.5.
> If you find both of the above elements have been met, your verdict on Plaintiff's Iowa Code section 730.5 claim must be for Plaintiff. If you find any of the above elements have not been met, then your verdict on Plaintiff's Iowa Code section 730.5 claim must be for Defendants.

Whitman claims the instruction improperly provides Casey's was required to comply with only some of the requirements in section 730.5. He states Casey's had the burden to show it met all of the requirements in the statute. He additionally states the instruction improperly provides he had the burden to show he was "adversely affected by a violation of Iowa Code section 730.5."

The district court rejected Whitman's arguments concerning instruction number 20, finding it was "an accurate statement of law because only 'an aggrieved employee' has a cause of action under the statute," citing section 730.5(15)(a)(1). The court also found, "[T]he jury heard substantial credible evidence permitting them to find that Casey's had valid independent grounds unrelated to section 730.5 under their company workplace policies that would permit them to terminate [Whitman]." We find no error in the court's conclusion Whitman was entitled to relief only if his employment was "adversely affected" by an improper drug test. See Sims, 759 N.W.2d at 340; see also Iowa Code § 730.5(15)(a)(1).

We reject Whitman's claim Casey's waived some of its rights in the parties' employer-employee relationship by requesting a drug test. As noted, Whitman was not "adversely affected" by an improper drug test and, therefore, he does not come within the category of persons protected by the provisions of section 730.5. Even if the request for a drug test was improper, it did not mean Casey's was unable to discharge Whitman for entirely different reasons.

## V.     Attorney Fees

Whitman asserts the district court should have awarded him attorney fees based on his claims under section 730.5. He states even if he was determined not to be adversely affected by an improper drug test, he is entitled to attorney fees under the statute. The district court has authority under section 730.5(15) to award attorney fees in a case involving a violation of the requirements of section 730.5. *See Sims*, 759 N.W.2d at 340.

Section 730.5(15)(1)(a) provides an employee who is aggrieved due to a violation of the drug-testing statute is entitled to attorney fees. The jury found Whitman was not aggrieved by an improper drug test because Casey's had independent grounds to terminate him. We conclude the district court did not err by denying Whitman's request for attorney fees under section 730.5.

## VI.     Conclusion

We affirm the district court's decision denying Whitman's motion for judgment notwithstanding the verdict and for a new trial and its attorney-fee award.

**AFFIRMED.**